Decided 30 January, 1906.

## HUFFMAN v. SMYTH.

84 Pac. 80.

JURISDICTION OF EQUITY TO PROTECT POSSESSION OF SETTLER ON UN-
SURVEYED PUBLIC LAND.

1. The civil courts will protect the possession of a bona fide settler on unsur-
veyed public land who is qualified as a settler and intends to claim such land as a
homestead under the provisions of 21 Stat. U. S. c. 89, § 3, against unlawful intru-
sion or interference: *Frink* v. *Thomas*, 20 Or. 265, distinguished.

PUBLIC LANDS — CONFINEMENT FOR CRIME AS AS ABANDONMENT.

2. After a qualified settler has established an actual residence on public land,
his removal and absence therefrom by reason of confinement for a crime is not,
as matter of law, an abandonment of his rights.

From Harney: GEORGE E. DAVIS, Judge.

Statement by MR. JUSTICE HAILEY.

This is an equity suit by William D. Huffman against
Fannie E. Smyth and her husband for the possession of
unsurveyed public land upon which the appellant claims
to have settled with the intention of claiming the same
under the homestead laws, and from which he claims to
have been ousted by the respondents, and to enjoin re-
spondents from interfering with the possession of such
land. The complaint alleges the necessary qualifications
of the appellant as a homesteader, and that he is the owner
of the improvements upon and entitled to the possession of
certain public land in Harney County, Oregon, a portion
of which improvements he purchased from a prior occu-
pant of the land, and immediately entered into possession
of the land and improvements with the intention of filing
upon the land when surveyed as a homestead under the
laws of the United States; that he has ever since culti-
vated and farmed the land and made additional improve-
ments by building corrals thereon, clearing, plowing, fenc-
ing and digging ditches thereon, and otherwise adding to
and improving the land, which improvements, together
with those purchased, are reasonably worth the sum of
$3,000; that he continued to so occupy the land and im-

provements until the spring of 1900, when he was convicted of a felony and sent to the penitentiary in this State for a term of 10 years, where he was confined until 1905, when a full pardon was granted him ; that at the time he was confined in prison the respondent Fannie Smyth was his wife, but soon thereafter procured a decree of divorce from him, in which it was ordered that she should have as alimony possession of the improved portion of and improvements upon the land claimed by him, for the maintenance of herself and children, but alleges that all such portion of such decree affecting the land and its improvements and the right to possession thereof is void and of no effect,* and that while appellant was away from the land, under sentence in the penitentiary, she unlawfully, and without any right or authority, and without any right, title or interest in the premises, except such as was granted her by the decree in the divorce case above mentioned, and without the consent of the appellant, took possession of the land and improvements claimed by him, and that the other defendant, George M. Smyth, is her husband and claims as such some interest in the premises ; that prior to the commencement of this suit appellant demanded possession of the premises and all improvements and appurtenances belonging thereto of the respondents, but they refused and still refuse to deliver possession ; that respondent Fannie Smyth is a married woman, living with her husband and not compelled to support herself or family, and in this and other respects is not qualified to maintain a possessory right to the premises or enter the same under the homestead laws of the United States ; that said land produces a large crop of hay annually, amounting to about 100 tons, worth the sum of $600 ; that a large crop of hay is now growing thereon and will soon be ready to harvest,

*NOTE.—In this connection see *Huffman* v. *Huffman*, post, ——, where the part of the decree here referred to is declared void.          REPORTER.

and the respondents threatened to and will harvest the same and use it to appellant's irreparable damage; that respondents are not properly irrigating said hay nor caring for it in proper manner, and that, unless restrained from using said premises, appellant will be damaged in the sum of $1,000; and that, by reason of the wrongful possession of the respondents and by their not permitting him to take possession of said premises, he is unable to protect his homestead rights to said land and will be unable to hold the same under the laws of the United States, and that other parties are threatening to take possession of and hold the land under said laws, and will do so unless he is restored to the possession thereof, and will cause him to lose the same, and that he will be damaged in the sum of $10,000. He prays for an order directing the court to put him in possession, and to vacate the divorce decree so far as it applies to the land and improvements, and for an order restraining and enjoining the respondents from interfering with his possession of the premises mentioned. A demurrer was filed, alleging, first, want of jurisdiction of the subject-matter of the suit; and, second, that the complaint does not state facts sufficient to constitute a cause of suit. This demurrer was sustained, and a decree entered dismissing the complaint, from which decree this appeal was taken.                    REVERSED.

For appellant there was a brief over the names of *King & Brooke* and *Biggs & Biggs* to this effect.

I. A qualified settler on public land has a right thereto against every person except the government, and when such settlement is made with a view to obtaining title under the homestead laws, such right is valuable and is one which the courts will protect and enforce: 21 Stat. U. S. 141, c. 89, § 3 (6 Fed. Stat. Ann. 300, 301, U. S. Comp. St. 1902, p. 1393); *Atherton* v. *Fowler*, 96 U. S. 513; *Long-*

*necker's* Case, 30 Land Dec. Dep. Int. 611; *Kitcherside* v. *Myers,* 10 Or. 21; *French* v. *Creswell,* 13 Or. 418 (11 Pac. 62); *Jackson* v. *Jackson,* 17 Or. 110 (19 Pac. 847); *Hindman* v. *Rizor,* 21 Or. 112 (27 Pac. 13); *Allen* v. *Dunlap,* 24 Or. 229 (33 Pac. 675); *Bishop* v. *Baisley,* 28 Or. 119 (41 Pac. 936).

II. One who has taken the preliminary steps to secure a homestead, the first of which is possession, is entitled to the aid of equity to retain or regain his possession against an intruder without title: *Kitcherside* v. *Myers,* 10 Or. 21; *Allen* v. *Dunlap,* 24 Or. 229 (33 Pac. 675); *Bishop* v. *Baisley,* 28 Or. 119 (41 Pac. 936); *Muldrick* v. *Brown,* 37 Or. 185 (61 Pac. 428); *Pacific Livestock Co.* v. *Gentry,* 38 Or. 275 (61 Pac. 422).

III. The charge of abandonment will not lie where it appears that a residence was established and that claimant's subsequent absence was by judicial compulsion. *Bohall* v. *Dilla,* 114 U. S. 47 (5 Sup. Ct. 782); *Anderson* v. *Anderson,* 5 Land Dec. Dep. Int. 6; *Kane* v. *Devine,* 7 Land Dec. Dep. Int. 532; *Parsons* v. *Hughes,* 8 Land Dec. Dep. Int. 593; *Arnold* v. *Cooley,* 10 Land Dec. Dep. Int. 551; *Reedhead* v. *Hauenstine,* 15 Land Dec. Dep. Int. 551.

For respondents there was a brief by *Mr. William Miller* to this effect.

Which of two contestants has a better right to a tract of unsurveyed public land is a question exclusively for the land department of the federal government, and should not be considered by a State court: *Moore* v. *Fields,* 1 Or. 317; *Frink* v. *Thomas,* 20 Or. 265 (12 L. R. A. 239, 25 Pac. 717).

MR. JUSTICE HAILEY delivered the opinion of the court.

The questions raised by this demurrer will be treated in their order.

1. Had the lower court jurisdiction of the subject-matter? The complaint alleges the necessary qualifications

of the appellant as a homesteader under the federal laws and his settlement upon and improvement of lands and personal occupation thereof to a certain time, his absence from that time, and the reason therefor, together with his intention of claiming the lands under the homestead laws when surveyed, the unlawful entry of the respondents during his absence, and their refusal to vacate, and his inability to comply with the homestead laws and protect his rights of settlement and improvements made thereunder, because of the acts of respondents, and also the absence of rights on the part of respondents. The act of Congress of May 14, 1880, c. 89, § 3, 21 Stat. U. S. 140, 141 (U. S. Comp. St. 1902, p. 1393, 6 Fed. Stat. Ann. 300, 301), provides:

"That any settler who has settled, or who shall hereafter settle, on any of the public lands of the United States, whether surveyed or unsurveyed, with the intention of claiming the same under the homestead laws, shall be allowed the same time to file his homestead application and perfect his original entry in the United States land office as is now allowed to settlers under the pre-emption laws to put their claims on record, and his right shall relate back to the date of settlement, the same as if he settled under the pre-emption laws."

Under this section any person qualified to acquire lands under the federal homestead law can lawfully settle upon unsurveyed public lands, and, if such settlement is made with the intention of claiming the lands under such homestead law, such settler acquires a prior right to file upon the same in the local land office when surveyed. This prior right carries with it the right to the possession of the land settled upon, and such a settler will be protected in his right of possession when unlawfully disturbed by another. See *Kalyton* v. *Kalyton*, 45 Or. 116–130 (74 Pac. 491, 78 Pac. 332), where this is declared to be the settled rule in this State, and where the authorities therefor are cited.

47 OR.——37

The subject-matter of this suit is the right to the possession of the land claimed, the legal title to which is in the government, the appellant's only title being the equitable right to its possession for the purpose of acquiring the legal title; hence, under the doctrine above mentioned, the court had jurisdiction of the subject-matter. The respondents, however, claim that this case comes within the rule declared in *Frink* v. *Thomas,* 20 Or. 265 (25 Pac. 717, 12 L. R. A. 239), which holds that, where a controversy between claimants to public lands is pending before the Land Department of the United States, a court of equity will not undertake to inquire into the question as to who has the better right to the lands under the provisions of the land laws of the government prior to the final determination of the cause in the Land Department. It does not appear from the record in this case that such controversy is pending before the Land Department. On the contrary, the land appears to be unsurveyed, and the Land Department has never yet acquired any jurisdiction thereof as between these litigants; therefore the rule invoked does not apply to the case at bar.

2. Does the complaint state facts sufficient to constitute a cause of suit? The respondents contend that the allegation in the complaint regarding the conviction and confinement of the appellant in the penitentiary negatives whatever rights he may have as shown by the other allegations in the complaint, and that such conviction and confinement, are, as a matter of law, an abandonment of his rights to the lands in controversy; and in support of their contention that the voluntary commission of a crime, followed by conviction and confinement in the penitentiary, is in effect an abandonment, cite the case of *Gore* v. *Brew,* 12 Land Dec. Dep. Int. 239. This case, however, differs greatly from the one at bar. Brew filed a homestead entry, but never established any residence thereon, and within

the time for so doing was convicted and sentenced to the penitentiary for a period of six years. Some two years afterward Gore instituted a contest on the ground of abandonment, and the Land Department held that, Brew never having established a residence on the land, his residence after his sentence is presumed, in contemplation of the law, to have remained where it was at the time of his arrest and conviction. In the decision of this case the Assistant Secretary stated : " It is not parallel with the case of *Anderson* v. *Anderson*, 5 Land Dec. Dep. Int. 6," in which the decision was rendered by Secretary Lamar, who was afterwards an associate justice of the Supreme Court of the United States, and in which he said : " While it is true that residence under the homestead law must be continuous and personal, it is also true that residence once established can be changed only when the act and intention of the settler unite to effect such a change." Anderson had settled on the tract in controversy some 10 or 12 years prior to the contest, which was in 1883, and had continuously resided there with his family until February, 1882, when he was arrested, and afterwards convicted and committed to the penitentiary for life. His claim was then contested on the ground of abandonment, but the contest was dismissed, and the honorable secretary, in speaking of this matter, said : "Anderson had lived on this tract for many years, and up to the date of his arrest had complied with the requirements of the law as to residence and cultivation. His absence from the land since that date is by judicial compulsion, which would certainly be a valid excuse for temporary absence."

The distinction apparently made by the Land Department in those cases arises from actual residence. If, prior to the establishment of actual residence upon the land by the settler, he is prevented from establishing such residence by his own voluntary act, even though it be the com-

mission of a crime which results in his enforced incarceration, an abandonment follows as a matter of law; but, if the settler has established an actual residence and made improvements upon the land, then his removal therefrom and enforced absence by reason of conviction for crime will not work an abandonment. The reason for this latter rule is doubtless twofold: First, that residence and abandonment are each determined in part by intention, and it cannot be said that the enforced absence of a settler by compulsion of the law from his established residence carries with it the intention to establish a home in the place of his confinement or the intention to abandon that from which he has been unwillingly removed. Secondly, that abandonment is something more than the relinquishment of possession. It must be the voluntary relinquishment of possession united with an intention to abandon: 1 Cyc. 6; *Dodge* v. *Marden,* 7 Or. 457–460; *Hindman* v. *Rizor,* 21 Or. 112–119 (27 Pac. 13). We therefore hold that the mere allegation in the complaint of the conviction and confinement of the appellant in the penitentiary is not as a matter of law an abandonment of his rights to the lands in controversy.

The decree of the lower court will therefore be reversed, and the cause remanded for such further proceedings, not inconsistent with this opinion, as may be proper.

REVERSED.

---

Decided 20 March, 1906.