# FISHER *v.* RULE.

APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

No. 78.   Argued November 22, 1918.—Decided January 7, 1919.

To initiate a right under the homestead act a minor's application must show that he is the head of a family; and a general assertion that he is such, by reason of having adopted a minor child, but without stating the time, place or mode of adoption, or identifying the child, is insufficient for this purpose. P. 317.

When the Secretary of the Interior, after canceling a final homestead entry, has ordered a suspension of all action under the decision

pending a reconsideration of it, no adverse right may be initiated under the homestead law either by settlement and improvement or by filing a preliminary application, while the suspension remains in force. *Id.*

To fasten a trust on a patentee of public land, the plaintiff must show that the better right to the land is in himself; it is not enough to show that the patentee ought not to have received the patent. *Id.*

232 Fed. Rep. 861, affirmed.

THE case is stated in the opinion.

*Mr. Homer Guerry,* with whom *Mr. Allen, G. Fisher, Mr. William P. Rooney* and *Mr. John B. Barnes* were on the briefs, for appellant.

*Mr. Samuel Herrick,* with whom *Mr. Edwin D. Crites* and *Mr. F. A. Crites* were on the brief, for appellee.

MR. JUSTICE VAN DEVANTER delivered the opinion of the court.

This is a suit by Fisher to have Rule declared a trustee for him of the title to certain land in Nebraska, for which Rule holds a patent under the homestead law of the United States. Fisher lost in the District Court and its decree was affirmed by the Circuit Court of Appeals. 232 Fed. Rep. 861.

The case presented by the record is as follows:

In 1904, when the land was public land, a son of Rule applied for and secured a preliminary homestead entry thereof at the local land office. Under the ruling then and for many years prevailing in the Land Department he had six months within which to establish residence on the land. During the early part of that period he died intestate without establishing such residence. The father was the only heir and as such, according to the ruling then and theretofore prevailing in the Land Department,

could acquire title under the son's entry without himself residing on the land. Shortly after the son's death he took possession under the entry, fenced the land, erected substantial buildings thereon, cultivated forty acres or more and pastured live stock on the remainder, but resided on an adjoining tract. In due course, after continuing his cultivation and improvements for five years, he submitted final proof at the local land office showing what he had done and made the payments required by law. In that connection his right to a patent was contested by one who, although making no claim to the land, insisted that the entry was extinguished *ipso facto* when the son died without establishing residence on the land, and that, if the entry was not thus extinguished, the father forfeited his rights thereunder by failing to make the land his own place of residence. The local officers held against the contestant and with the father, and that decision was affirmed by the Commissioner of the General Land Office. But when the matter came before the Secretary of the Interior that officer, conceiving that the settled rulings of the Land Department before noticed were not well grounded, sustained the insistence of the contestant, reversed the decisions of the local officers and the Commissioner and directed that the entry be canceled. 42 L. D. 62, 64. The father sought to have the matter reconsidered and, while at first his efforts were unavailing, a rehearing ultimately was granted. On the rehearing, of which the contestant had timely notice, the Secretary recalled his first decision, adhered to the prior settled rulings, dismissed the contest and directed that the entry be reinstated. 43 L. D. 217. It was under that decision that the patent was issued.

On receiving the usual notice of the Secretary's first decision the local officers complied therewith by canceling the entry on their records. Fisher, who knew of the entry and the contest, then presented an application to

enter the land as a homestead. The application, while disclosing that he was a minor and unmarried, asserted in a general way that he was the head of a family, and therefore a qualified applicant, by reason of having adopted a minor child.[1] The local officers called for a further showing respecting the asserted adoption and for the time being withheld action on the application. Before a further showing was made the Secretary of the Interior, who was being asked to reconsider his first decision, ordered a suspension of all action under that decision;[2] and of this Fisher was advised by the local officers. Subsequently Fisher produced a court order purporting to show his adoption of a younger brother eighteen days after his homestead application was presented, but, by reason of the Secretary's suspending order, no further action was had on the application until after the Secretary's last decision, when the application was rejected. During the continuance of the suspending order, and without the consent of Rule, Fisher went on the land, erected improvements and attempted to establish a residence there.

In no admissible view of these facts can this suit be sustained. Even if under a right construction of the homestead law Rule was not entitled to the patent—which we do not at all intimate—Fisher is not in a position to take advantage of the error. He cannot be heard to complain on behalf of the United States; and he has no such personal interest in the land as entitles him to complain on his own account. He acquired no right

---

[1] There was no statement respecting the time, place or mode of adoption or the identity of the child. In Nebraska adoption seems to be controlled by statute, *Kofka* v. *Rosicky*, 41 Nebraska, 328, 342; and the statute apparently provides that only adults may adopt. Rev. Stats. 1913, § 1615.

[2] A second suspending order was made by the Secretary at a time when Rule was resorting to judicial proceedings in the District of Columbia.

by his homestead application. It never was allowed; nor could it reasonably have been allowed. As originally presented it did not sufficiently show that he was a qualified applicant, and his additional showing—whatever else might be thought of it—came after the suspending order had superseded the cancellation of the Rule entry and become an obstacle to the initiation of any adverse claim. Neither did he acquire any right by his attempted settlement after that order was made. The order was no less effective against that mode of initiating a claim than against the other. Its purpose was to preserve the *status quo* pending final action on the Rule entry. A settlement in opposition to such an order is nothing short of a trespass and confers no right under the public land laws. *Lyle* v. *Patterson*, 228 U. S. 211, 216.

It is a familiar rule that to succeed in such a suit the plaintiff "must show a better right to the land than the patentee, such as in law should have been respected by the officers of the Land Department, and being respected, would have given him the patent. It is not sufficient to show that the patentee ought not to have received the patent." *Sparks* v. *Pierce*, 115 U. S. 408, 413; *Smelting Co.* v. *Kemp*, 104 U. S. 636, 647; *Bohall* v. *Dilla*, 114 U. S. 47, 50; *Lee* v. *Johnson*, 116 U. S. 48, 50; *Duluth & Iron Range R. R. Co.* v. *Roy*, 173 U. S. 587, 590; *Johnson* v. *Riddle*, 240 U. S. 467, 481; *Anicker* v. *Gunsburg*, 246 U. S. 110, 117.

*Decree affirmed.*