## GALLUP v. NORTHERN PAC. RY. CO. et al.

(District Court, W. D. Washington, N. D.   January 23, 1924.)

No. 19–E.

1. **Public lands** ⬢⟹79—**Railroad may not attack settler's claim by asserting right of government.**
   ‣ In a suit by a settler on public land, claiming as successor to original homesteader, against a railroad, which had selected the land under Act Cong. July 1, 1898, the railroad could not assert that plaintiff's title was defective; the right to do so being available to none except the United States.

2. **Public lands** ⬢⟹79—**Railroad, selecting land, could not dispute right of settler without showing "abandonment."**
   Where a qualified entryman built and furnished a cabin on public land, cleared and planted the land, and posted notices of claim, even though he did not stay on the land continuously, the land was segregated from entry and a railroad, in selecting land under Act Cong. July 1, 1898, providing that land selected must be free from valid adverse claims, or not occupied by settlers, could not dispute or ignore such rights, though the entryman defaulted, unless there was an "abandonment," which required a showing of an intention to abandon, which had ripened into an abandonment at the time railroad filed its scrip.
   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Abandon—Abandonment.]

3. **Public lands** ⬢⟹40—**Homesteader's absence held not to raise conclusive presumption of abandonment.**
   Absence of a homesteader and his family from the claim for nearly a year did not raise a conclusive presumption of abandonment, nor, under Rev. St. § 2291 (Comp. St. § 4532), did it cancel the claim, but his abandonment was a question of fact.

4. **Public lands** ⬢⟹35(3)—**Wife's refusal to move on land does not defeat settler's right.**
   Refusal of wife to move on public land does not defeat a qualified entryman's homestead right.

In Equity.   Suit by George B. Gallup against the Northern Pacific Railroad Company and others.   On defendant's motion to dismiss.   Motion denied.

On February 15, 1901, James Pinky, a qualified entryman, entered upon the unsurveyed public land in question.  He remained overnight, marked a trail, and returned May 16th following, remaining about three weeks, and built a shake cabin 10 or 12 by 16 feet, furnished it with a stove, bed, and cooking utensils, and had a saw, hoe, grub hoe, and axes therein; also built a trail and cleared some land, planted potatoes, and posted notices of claim of homestead.  The value of the improvements placed upon the land were about $200.  He was there the latter part of June of the same year for two days, and in August following for two days, and again 1904.  He did not have any domestic animals or fowls on the place.  He was married.  His wife never was on the land, but lived at Lawrence, about 20 miles away.  The cabin was in plain view and could be readily observed; the furnishings were in the house at all times.  Plaintiff went on the land in December, 1906, saw the Pinky cabin and noticed its contents, and then purchased from Pinky, who was not then on the land, the improvements and possessory right for $25.  The plaintiff built a house upon the land and established his home thereon.  He has cleared and cultivated something over an acre of the land, planting potatoes and strawberries thereon, and slashed about three or four acres   The

value of improvements placed upon the land. according to plaintiff, is $1,000, and according to witness for the defendant from $600 to $800.

On August 29, 1902, the Northern Pacific Railway Company selected the land under the provisions of the Act of Congress of July 1, 1898, 30 Stat. 620. Plat showing survey was filed February 6, 1907. On March 1, 1907, the defendant company adjusted the selection. On February 7, 1907, the plaintiff tendered for filing a homestead application, which was rejected, claiming to be the successor in interest of Pinky and settlement by himself December, 1906. Appeal was prosecuted through the department and application rejected, the department holding that "Pinky was not in fact a bona fide settler on the land on the date of the company's selection thereof, that Pinky never in fact initiated a valid settlement claim, and that, even if he did so, his absence from September, 1901, until August, 1902, was sufficient to raise a conclusive presumption of abandonment. In order to maintain a valid settlement claim initiatory acts of settlement must be followed, within a reasonable time, by the establishment of residence." The defendant Bellingham Bay Improvement Company claims same interest in the land by transfer by the railway company. The plaintiff seeks to declare the defendants trustees of the legal title to the land in issue for their use and benefit, to enforce conveyance of legal title to them, and to have their title quieted as against the claims of the defendants.

S. M. Bruce, of Bellingham, Wash., for plaintiff.
C. W. Howard, of Bellingham, Wash., for defendants.

NETERER, District Judge (after stating the facts as above). [1] The act under which the scrip was filed provides, among other things, that the land must be "free from valid adverse claims or not occupied by settlers at the time of such selection." The issue, therefore, is simple. Was the relation of Pinky to this land on the 29th day of August, 1902, such as to create an adverse right or claim?

There is a distinction between "right" and "claim." Reed v. Great Northern et al. (Wash.) 218 Pac. 210. The defendant railway company could not, at the time of filing its scrip, confuse its asserted right with a right which might be asserted by the United States; it may not usurp the functions of sovereignty, and assert the right which might be available to the sovereign. This court held in Christie v. Great Northern, filed June 24, 1920, and affirmed in 284 Fed. 702, that:

"The United States might maintain an action under the facts set out, but the plaintiffs may not bring an action by asserting facts which would afford relief to the United States."

The defendants here may not succeed by asserting facts which would afford relief to the government. Fisher v. Rule, 248 U. S. 314, 39 Sup. Ct. 122, 63 L. Ed. 263.

[2] Undoubtedly the acts of Pinky, of posting notices and placing the improvements on the land, as shown by the evidence, were the assertion of a right; it created a condition. He became in a limited sense a planter upon the land. The buildings were his property. He had a right to go upon the land. He was in possession of the land as against all except the United States. Settlement and improvement, with intent to enter the land as a homestead, without habitation, initiated a claim or right which segregated the land from entry. This relation attached a claim to the entryman, Pinky, which the defendant railway could not dispute or ignore. Hastings & D. R. R. v. Whitney,

132 U. S. 357, 10 Sup. Ct. 112, 33 L. Ed. 363; Osborn v. Froyseth, 216 U. S. 571, 30 Sup. Ct. 420, 54 L. Ed. 619.

"Claim" is comprehensive when applied to the relation of men and things, and if the entryman's conduct was open to inquiry on any feature when the scrip was filed, the selection did not attach. Default on the part of Pinky after the land was segregated by claim and settlement did not subject the land to scrip filing by the defendant company, unless intention to abandon, which had ripened into abandonment, was shown at the time of the filing of the scrip.

[3, 4] Abandonment is more than absence of residence. It has been held to be more than intention. Huffman v. Smyth, 47 Or. 573, 84 Pac. 80, 114 Am. St. Rep. 938, 8 Ann. Cas. 678. Whether the land had been abandoned was an open question of fact. The claim was existent prior to August 29, 1902, and mere absence from September, 1901, until August, 1902, was not sufficient to raise a conclusive presumption of abandonment. The house was maintained. The furnishings were kept and continued. Nothing was removed. Mere absence for the period mentioned did not cancel the claim. R. S. § 2291 (Comp. St. § 4532). Nor did the absence of Pinky's family from the land create a conclusive presumption of abandonment.

The refusal of a wife to move upon public land does not defeat a qualified entryman's homestead right. Abandonment was therefore an open question. The claim, after initiation, could not be treated as canceled by the railway company. It could only be canceled by the government at the behest of the next settler. St. P., M. & M. Ry. Co. v. Donohue, 210 U. S. 21, 28 Sup. Ct. 600, 52 L. Ed. 941; Svor v. Morris, 227 U. S. 524, 33 Sup. Ct. 385, 57 L. Ed. 623; K. P. R. R. v. Dunmeyer, 113 U. S. 629, 5 Sup. Ct. 566, 28 L. Ed. 1122; Sioux City, etc., Ry. v. Griffey, 143 U. S. 32, 12 Sup. Ct. 362, 36 L. Ed. 64; Bardon v. N. P. R. R. Co., 145 U. S. 535, 12 Sup Ct. 856, 36 L. Ed. 806. The land having been segregated from selection, the scrip of the railway did not attach. The land was therefore open to entry when the plaintiff succeeded to Pinky's right and actually settled thereon, and his improvements and habitation have been continuous.

The motion to dismiss is denied.