Motion to dismiss appeal denied June 16, 1931; argued January 8; reversed April 19; rehearing denied June 7, 1932.

## DOBER v. UKASE INVESTMENT CO.

(10 P. (2d) 356)

*W. E. Richardson,* of Portland, for appellant.

*H. L. Lyons* and *W. S. Poole,* both of Portland, for respondent.

BROWN, J. In order to justify its claim of right to possession of the property sought to be recovered by the plaintiff, the defendant herein asserts that the property was abandoned by the plaintiff.

■ As applied to property, "abandonment" is defined by the editors of R. C. L. as follows:

"It means the voluntary relinquishment of the possession of a thing by the owner with the intention of terminating his ownership, but without vesting it in any other person." 1 R. C. L., p. 1.

■ It has often been held that to constitute an abandonment there must be an intention to abandon, and that intention must be accompanied by some act by which the property is actually abandoned. See *Stevens v. Norfolk,* 42 Conn. 377.

And the editors of C. J. have written:

"The intention to abandon is to be derived from all the facts and circumstances of the case. There must be a clear, unequivocal, and decisive act of the party to constitute abandonment in respect of a right secured— an act done which shows a determination in the individual not to have a benefit which is designed for him." 1 C. J., 7.

■ Upon the question of abandonment, as upon the question of fraud, the courts have held that a wide range should be allowed as to the evidence. See 1 R. C. L., p. 7. On the same page this authority declares that:

"Intent to abandon can hardly be presumed from lapse of time. An intention to abandon property

for which the party has paid a consideration will not be presumed. * * * The burden of showing an abandonment rests upon the one who asserts it.''

See, also, *Watts v. Spencer,* 51 Or. 262 (94 P. 39).

In *Huffman v. Smyth,* 47 Or. 573 (84 P. 80, 114 Am. St. Rep. 938, 8 Ann. Cas. 678), this court held that when a settler has established an actual residence on public lands, his removal and absence therefrom because of his confinement for crime is not as a matter of law an abandonment of his rights.

■ In the case at bar, the property involved was in the custody of the law by virtue of legal process issued out of the courts and during the time such property was so held it should not be treated as abandoned.

A very instructive case relating to when personalty may become realty on being attached to real estate is *Roseburg National Bank v. Camp,* 89 Or. 67 (173 P. 313). In that case this court, speaking through Mr. Justice HARRIS, said:

''The intention of the party making the annexation is the most important element. The intention existing at the time of procuring the article in question, nor that which exists while the article is in transit to the realty on which it is to be placed, nor the secret intention with which it is affixed, does not govern; but the controlling intention is that which the law deduces from all the circumstances of the annexation. The intention is to be inferred from the nature of the article affixed, the relation and situation of the party making the annexation, the structure and mode of annexation, and the purpose and use for which the annexation has been made [citing numerous authorities].

''* * * When an article is annexed by a tenant a more liberal rule is applied, so that what would be deemed to be realty as between a vendor and purchaser might be no more than a trade or domestic fixture as

between a landlord and tenant. The difference in the relationship emphasizes the difference in the intention attributed to the party making the annexation. When additions are made to land by the owner the purpose is usually to enhance the value and to be permanent; but on the other hand, when additions are made by a tenant, they are usually made for a temporary purpose, and not with a view of making them a part of the land; and consequently in order to encourage trade, manufacture and industrial pursuits, the tenant is generally allowed to remove what is apparently annexed to the freehold if affixed for the purpose of trade and not merely for the better enjoyment of the premises [citations].''

In the case at bar the lease expressly provided that the tenant should have the right to remove the trade fixtures set out in the complaint. The evidence fails to sustain the findings of the trial court. In order to carry out the intention of the parties to the original lease, the cause must be reversed. It is so ordered.

Bean, C. J., Kelly and Rand, JJ., concur.