HARDEMAN *v.* WITBECK.

No. 503. Argued April 12, 1932.—Decided May 23, 1932.

*Mr. Patrick H. Loughran* for petitioner.

*Mr. Sidney L. Herold,* with whom *Mr. Francis W. Clements* was on the brief, for respondent.

MR. JUSTICE BUTLER delivered the opinion of the Court.

This suit was brought by petitioner in the district court for western Louisiana against respondent to have the former adjudged the beneficial owner of a permit issued May 6, 1925, by the Secretary of the Interior to respondent under § 13 of the Leasing Act,[*] granting the latter the right to prospect for oil and gas upon 40 acres of land in that State. That court entered a decree for petitioner. The Circuit Court of Appeals reversed. 51 F. (2d) 450.

Section 13 authorizes the Secretary, under such necessary and proper rules and regulations as he may prescribe, to grant to an applicant qualified under the Act a permit to prospect for oil or gas upon land wherein the deposits belong to the United States and are not within a known geological structure of a producing oil or gas field. It provides that, if one shall cause to be erected upon the land for which the permit is sought a monument and shall post a notice in specified form, he shall during the period of 30 days thereafter be entitled to a preference right over others to a permit on the land so identified. A regulation, § 5 (b), 47 L. D. 441, declares that, if no application is filed within that time, the land will be subject to any other application or to other disposal. Pursuant to authority given him by § 38 the Secretary prescribed a schedule of fees and commissions for transactions under the Act: For receiving and acting on each application for a permit filed in the district land office there shall be charged a fee in no case to be less than $10, to be paid

---

[*] Act of February 25, 1920, c. 85, 41 Stat. 437, 441.

by the applicant and considered as earned when paid, and to be credited in equal parts on the compensation of the register and receiver. § 31 (a), p. 461.

On November 12, 1923, respondent, complying with the law and regulations, applied for a permit to prospect upon the land and paid the required amount. December 11, petitioner, claiming the preference right given by the Act, filed an application for a permit to prospect upon the same tract. The substance of the application was that on November 11, he had erected the monument and posted a notice on the land as required by the statute. But he did not tender or pay the required fee until December 19. In the contest that followed it was finally held in an opinion promulgated by the Secretary that, petitioner having failed to pay the required amount within the time allowed, respondent was entitled to have the permit. 51 L. D. 36.

Petitioner's application was later than respondent's and he had no ground upon which to claim a permit in the absence of a preference right. In order to secure that right, full compliance with the law and regulations was necessary. The declaration that the fee is for "receiving and acting" on the application and is "to be considered as earned when paid" strongly confirms the inference, which would exist without it, that payment is essential to the completion of the application. When the thirty days expired, petitioner's preference right was at an end, and the land was subject to respondent's application for a permit.

As the Secretary rightly held petitioner not entitled to the permit, he has no standing to maintain this suit. *Fisher* v. *Rule,* 248 U. S. 314, 318. *Anicker* v. *Gunsburg,* 246 U. S. 110, 117.

*Decree affirmed.*