Argued at Pendleton, May 4, affirmed June 16, rehearing denied September 29, 1925.

## R. H. TULLOCH v. HARRY B. COCKRUM.

(236 Pac. 1045.)

**Livery-stable and Garage Keepers—Lien Does not Depend on Possession.**

1. In view of Section 10272, Or. L., and Section 10226, as amended by Laws of 1923, page 182, existence of mechanic's lien on automobile for repairs does not depend on question of possession.

**Livery-stable and Garage Keepers—Lien cannot be Foreclosed by Advertisement and Sale.**

2. In view of Section 10273, Or. L., a mechanic's lien for repairs on an automobile, remaining in possession of lien claimant, cannot be foreclosed by advertisement and sale under Section 10277, but should be foreclosed by suit in Circuit Court or in accordance with Section 10226, as amended by Laws of 1923, page 182, pertaining to possessory liens.

---

1. Lien upon automobile for repairs or storage, see notes in **Ann. Cas.** 1916A, 630; **L. R. A.** 1918D, 330.

Livery-stable and Garage Keepers—Owner of Automobile not Required to Serve Verified Denial, When not Served With Copy of Lien or Bill of Particulars.

3.   Owner of an automobile, subject to a mechanic's lien, which is sought to be foreclosed under Section 10277, Or. L., is not required to serve sheriff with a verified denial, when he was not served with a copy of lien or bill of particulars.

Livery-stable and Garage Keepers—Proceedings to Foreclose Lien must be in Substantial Compliance With Statute.

4.   Proceedings to foreclose lien on chattels, under Section 10226, Or. L., as amended by Laws of 1923, page 182 (Or. L., § 10277), being in derogation of common law, must be in substantial compliance with statute or lien fails.

Appeal and Error—Trial Court's Finding on Conflicting Evidence Conclusive.

5.   Where evidence was conflicting on question whether owner of automobile had actual knowledge of existence of mechanic's lien thereon or proceedings pending to foreclose it, under Section 10277, Or. L., trial court's findings that owner did not have such notice is final and conclusive.

Livery-stable and Garage Keepers—Owner's Actual Knowledge of Lien Does not Render Unnecessary Statutory Notice.

6.   That owner of automobile had actual knowledge of mechanic's lien does not obviate necessity of statutory notice to him in foreclosure proceedings, under Section 10277, Or. L.

(1) 6 C. J. 1137.   (2) 6 C. J. 1137.   (3) 6 C. J. 1137.   (4) 6 C. J. 1138; 27 Cyc. 317, 318.   (5) 4 C. J. 883; (6) 6 C. J. 1137.

From Malheur: DALTON BIGGS, Judge.

In Banc.

This is a replevin action, in the usual form, tried before the court without a jury, to recover possession of a Franklin automobile.   The defendant bases his claim of title and right to possession by virtue of certain proceedings had to foreclose a mechanic's lien, whereby he became purchaser at the sheriff's sale. It appears from the answer of the defendant, so far as is material to a consideration of this controversy, that Siddoway & Schrum are copartners engaged in the garage business at Ontario, Oregon, and that they performed labor and furnished certain materials in the repair of said automobile, at the request of C. E Tul-

loch, son of the plaintiff, and who at the time was the reputed owner and in lawful possession of the same. It is alleged, in substance, that notice of lien was filed within the statutory period of time by Siddoway & Schrum and a certified copy thereof was delivered to the sheriff, with an indorsement thereon directing the foreclosure of the lien, as provided by Section 10277, Or. L.; that the sheriff took the automobile into his possession and at the time of doing so delivered to the lien claimants above named a copy of the lien notice together with an itemized bill of particulars; that no written or verified denial of any allegation contained in the notice of lien was made nor was there any objection filed to the itemized bill of particulars; and that the sheriff, after advertising the automobile for sale as by law provided, sold it to the defendant Cockrum at public auction for the sum of $225. It is further alleged that Siddoway & Schrum, prior to the above sale, notified C. E. Tulloch, the reputed owner, that the lien had been placed upon the automobile and that it would not be delivered to him until payment was made covering the amount due thereon, as specified in the notice of lien. Plaintiff in his reply put the matter at issue by a general denial. The trial court, after making its findings of fact, rendered judgment for plaintiff declaring him to be the owner and entitled to the immediate possession of the automobile, fixing its value at $1,200, and assessing damages against defendant in the sum of $10 for wrongful detention of the same. Defendant appeals.                AFFIRMED.  REHEARING DENIED.

For appellant there was a brief and oral argument by *Mr. R. W. Swagler.*

For respondent there was a brief and oral argument by *Mr. J. W. McCulloch.*

BELT, J.—The sole question in this case is whether the defendant acquired title to the automobile by virtue of the proceedings had to foreclose the lien thereon. It was attempted to be foreclosed by advertisement and sale pursuant to Section 10277, *supra,* which, in part, provides as follows:

" * * That the person, or claimant, desiring to foreclose such lien by advertisement and sale, shall deliver to the sheriff or any constable of the county in which such chattel is then situate, a certified copy of the notice of lien * * with the request endorsed thereon * * for the foreclosure of said lien. Thereupon, said sheriff or constable shall take the property described in said notice of lien into his possession * * and shall at the time of such taking, deliver to the person having possession of such chattel * * copy of said lien notice * * together with an itemized bill of particulars of the said lien claimant's demand * *; the person or persons claiming to own or to have an interest in the said property may at any time within the fourteen days after such service herein provide for, deliver to the sheriff or constable a written and verified denial of any allegation contained in said lien notice or bill of particulars, and if such denial or any allegation made on the part of any such person, or persons, be so made and served upon the officer then in possession of said chattel, such officer shall then and in such case retain the possession of said personal property, subject only to the order or orders of the circuit court having jurisdiction of the parties, or the subject matter, in a suit to be prosecuted by such lien claimant, which suit shall be begun and prosecuted within an additional period of ten days from the time of service upon such officer of such denial or allegation of payment. In such case, if the lien claimant shall fail to commence and prosecute such suit within such

period of ten days, the sheriff or constable shall release the said personal property from such levy and deliver the same to the person or persons having, or claiming, an interest therein. If such suit be commenced within said period of ten days, the sheriff or constable shall retain the property in his possession subject to the final judgment or decree of the court in such suit. If the person claiming to own said personal property, or to have an interest thereon, or some one in his behalf, shall not, within a period of fourteen days after such taking and service upon the person in possession of such chattel of a copy of the lien and bill of particulars here provided for, make a written denial of any allegation contained in said lien notice or bill of particulars, or allege full or partial payment of the sum demanded by lien claimant, the said sheriff or constable shall advertise the said property for sale in the manner provided by law for the sale of such personal property on execution, for a period of not less than ten days, and after giving such notice of sale, shall sell such chattel at public auction to the highest bidder for cash, to satisfy such lien. * * ''

1. Respondent concedes that Siddoway & Schrum had a lien as alleged, but contends that it is not contemplated by the above section of the statute, when read in conjunction with the other provisions of the act, that such foreclosure proceedings be had when the chattel subject to the lien remains in possession of the lien claimant as in the instant case. Plaintiff asserts that if the lien claimants desired to foreclose their lien in the manner above stated, the automobile should have been delivered to the owner prior to the commencement of such proceedings. It is certain that the existence of the lien does not depend upon the question of possession (*Hiner* v. *Pitts,* 89 Or. 605 (175 Pac. 133), as Section 10272, Or. L., provides for a lien ''notwithstanding the fact that the possession of such chattel has been

surrendered to the owner.'' Furthermore, Section 10226, as amended by Chapter 125 of the Laws of Oregon for 1923, is declaratory of the common-law right of a possessory lien. In this case we are concerned, not with the question of the existence of a lien, but rather with the manner in which the same was foreclosed.

2. We are of opinion that a lien on a chattel remaining in possession of the lien claimant cannot be foreclosed by advertisement and sale in the manner provided in Section 10277. Under the facts as disclosed by the record, the lien should have been foreclosed by a suit in the Circuit Court or in accordance with the provisions of Section 10226, as amended, pertaining to possessory liens. The proceedings had would be valid only where possession of the chattel had been previously delivered to the owner. The contention of respondent is strengthened by the wording of the first part of Section 10273 of the statute, which provides that ''in order to make such lien effectual the lien claimant shall within sixty days from the *date of delivery of such chattel to the owner thereof*'' file the notice of lien.

3. Undoubtedly, it was not the intention of the legislature to require service of copy of lien and itemized bill of particulars on the lien claimant, as was done in this case. It would be absurd to expect that the claimant would file a verified denial of any allegation contained in his own lien or object to the statement of his own account. The section under which the proceedings were had provides, in substance, that the person claiming to own the personal property has fourteen days within which to make written denial as above stated before the sheriff is authorized to advertise the property for sale to sat-

isfy the lien. Can it be said that the owner's rights should be foreclosed for failure to serve the sheriff with a ''verified denial'' when he has not been served with a copy of the lien or bill of particulars? The statute must be given a reasonable construction and not one which results in absurdity.

4. When a chattel subject to lien is foreclosed by advertisement and sale, as required by Section 10277, the sale is accomplished ''in the manner provided by law for the sale of personal property on execution.'' In this case notices were posted in compliance with the statute prior to sale of the automobile in question, as would have been required had the lien been foreclosed under the provisions of Section 10226, with the exception that notice by registered letter was not given to the debtor as therein provided. Such proceedings being in derogation of the common law, there must be a substantial compliance with the statute or the lien fails. As stated in 27 Cyc. 317:

''The right to a mechanic's lien being entirely statutory, not only the right itself, but the method of enforcing it, must depend upon the statute, and must be pursued in strict compliance with the terms of the statute.''

5, 6. Appellant asserts that plaintiff had actual knowledge of the existence of the lien and the proceedings pending to foreclose the same. The evidence is contradictory concerning this phase of the case. Therefore the finding of the trial court that the plaintiff did not have such notice is final and conclusive. Under the circumstances its findings have the force and effect of a verdict of a jury. It may be added, however, that knowledge is not equivalent to statutory notice: *Wright* v. *City of McMinn-*

*ville,* 59 Or. 397 (117 Pac. 298); *Bitting* v. *Douglas Co.,* 24 Or. 406 (33 Pac. 981).

Viewing the act in its entirety, we are convinced that the construction given the statute by the trial court is correct and the foreclosure proceedings had invalid. It follows that defendant did not acquire title as a purchaser at the sheriff's sale. The property rights of the plaintiff in the automobile have not been foreclosed.

The judgment of the trial court is affirmed.

                                   AFFIRMED. REHEARING DENIED.

BROWN, J., took no part in the consideration of this case.