454 P.2d 867

Wallace L. **KOLBERG**, Appellant,

v.

**McKEAN'S MODEL LAUNDRY AND DRY CLEANING COMPANY**, an Arizona corporation, Appellee.

No. 1 CA–CIV 673.

Court of Appeals of Arizona.

May 27, 1969.

Rehearing Denied June 24, 1969.

Review Denied Sept. 16, 1969.

Simon, Smart & Jekel, by J. Stephen Simon and Louis G. Jekel, Jr., Scottsdale, for appellant.

Burns, Ferrin & Ehrenreich, by S. Paul Ferrin and F. Britton Burns, Phoenix, for appellee.

CAMERON, Judge.

This is an appeal by the plaintiff from a judgment of the Superior Court sitting without a jury in favor of the defendant-appellee in a suit for breach of employment contract. Findings of fact and conclusions of law were timely requested (Rule 52(a), Rules of Civil Procedure, 16 A.R.S.) and we are called upon to determine whether the facts and the law support the trial court's determination that the contract in question had been abandoned by the plaintiff.

During the year 1953 plaintiff entered into negotiations on behalf of Arizona Laundry Company, as its president, to sell the assets of the company to defendant McKean Model Laundry and Dry Cleaning Company. A contract dated 10 November 1953 was executed, by the terms of which the remaining assets of Arizona Laundry were transferred to the defendant. At the same time plaintiff Kolberg entered into an agreement with Perry M. Chisum, Vice President of defendant McKean, whereby plaintiff was to sell all the outstanding stock of Arizona Laundry to Perry M. Chisum.

On 28 December 1953 the plaintiff and defendant executed an employment contract which is the basis of this action. Under the terms of the employment contract the plaintiff was to be employed by the defendant for 15 years for the gross amount of $100 per week. The contract provided that the plaintiff was to:

"* * * perform such duties during the term of this agreement as shall be mutually agreed upon by the parties from

time to. time; the employee shall make available to the employer all of his talents for the operation and maintenance of a laundry and dry cleaning facility and its outlets."

The contract also contained a covenant by the plaintiff not to compete with the defendant during the term of the employment contract and further provided that if plaintiff died before the contract was fulfilled that plaintiff's wife was to receive the payments for 52 weeks thereafter.

The plaintiff began work for the defendant in January of 1954 and assisted in the transfer of the business of Arizona Laundry to the defendant. Thereafter the plaintiff performed such duties that were assigned to him but on a less regular basis than at the beginning. Towards the end of the second year of employment the plaintiff did not report except on payday to pick up his check. On 31 December 1955, the plaintiff reported to pick up his check, but was told that it was in the office of Mr. Chisum. Plaintiff testified that:

"* * * I went to Mr. Chisum's office, and he handed me this check and said this was the last check, and I says, 'Why? This is supposed to run for good,' and he says, 'Well, this is all one bundle or ball of wax, and you haven't lived up to part of this.'

"Q Did he tell you what part he didn't think you had been able to live up to?

"A Yes, we hadn't been able to transfer the stocks to him."

The defendant while testifying as to the same event stated:

"I talked to Mr. Kolberg and I asked him if he wouldn't keep more regular hours, if he wouldn't help us out, that Mr. Lundgren needed help, he had been complaining to me that he just wasn't doing his job, and he said, 'Well, fine,' and he got up and left."

The plaintiff did not return to the defendant's plant after that date and the defendant did not hear from him until the

filing of this lawsuit, on 11 January 1965, some nine years later.

The trial court found that the acts of the plaintiff constituted an abandonment of the contract which was acquiesced in by the defendant. The trial court concluded that the contract was terminated as of 31 December 1955 and that both parties were relieved from any further responsibility to carry out any of the terms of the contract.

In the trial court and on appeal the plaintiff contends that he was merely to assist in the orderly transfer of the business to appellee and then to perform only those duties mutually agreed upon by the parties and that the plaintiff was not to be considered as a full-time employee of the defendant. Plaintiff denies that there was an abandonment of the contract, but that defendant breached the contract when plaintiff was informed at the 31 December 1955 meeting that this was the last check.

The rule as to abandonment is quite clear and was recently stated by this Court:

"Where the acts of one party inconsistent with the existence of a contract are acquiesced in by the other, the contract will be treated as abandoned." King Realty, Inc. v. Grantwood Cemeteries, Inc., 4 Ariz.App. 76, 81, 417 P.2d 710, 715 (1966).

Abandonment is a matter of intention to be ascertained from the facts and circumstances which surround the transaction from which abandonment is claimed. Abandonment need not be expressed since it may be inferred from the conduct of the parties and the attendant circumstances. Whether there has been an abandonment is a question of fact and what constitutes an abandonment is a question of law. 17 Am.Jur. 2d, § 484, page 954.

Rule 52(a), Rules of Civil Procedure, 16 A.R.S., states:

"* * * Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of witnesses. * * *."

The transaction which allegedly was the basis of the abandonment was the meeting between the parties which took place on 31 December 1955. As to what happened on that date the evidence is in conflict. This Court will not disturb findings of the trial court when based on conflicting evidence where there is reasonable evidence in the record to support the finding of the trial court. Lenslite Co. v. Zocher, 95 Ariz. 208, 388 P.2d 421 (1964), King Realty, Inc. v. Grantwood Cemeteries, Inc., supra. After reviewing the record before this Court we are of the opinion that the findings of fact made by the trial court were reasonably supported by the evidence.

The judgment is affirmed.

DONOFRIO, C. J., and STEVENS, J., concur.