Argued March 10, affirmed March 24, 1977

# BOSLER, *Appellant,*
## *v.*
# SHORT et al, *Respondents.*
## (No. 412-112, SC 24,433)
### 561 P2d 1025

Robert L. Olson, Portland, argued the cause and filed the briefs for appellant.

Charles F. Hinkle, Portland, argued the cause for respondents. With him on the brief were Davies, Biggs, Strayer, Stoel and Boley, Portland.

Before Denecke, Chief Justice, and Tongue, Bryson and O'Connell, Justices.

O'CONNELL, Justice Pro Tempore.

**O'CONNELL, J.,** Pro Tempore.

This is a suit to enforce a lien which plaintiff asserts against real property, the title to which is vested in defendant Dorothy R. Wrona. The trial court granted defendants' motion for a summary judgment, and plaintiff appeals.

Plaintiff's alleged interest in the property is based upon a divorce decree entered on June 8, 1971, terminating the marriage between plaintiff and Virginia Bosler. The Boslers were joint owners of a parcel of real property which the decree disposed of as follows:

"(6) Defendant [Virginia Lee Bosler] is awarded the sole and complete ownership of the real property of the parties hereto * * *, subject however to Plaintiff's [Warren Bosler's] rights in said real property as hereinafter set forth, and Defendant shall individually assume and pay the mortgage balance due and owing on said real property and shall hold Plaintiff completely harmless therefrom. Should Defendant sell said real property within a period of one year from the date of this Decree, then Defendant shall pay to Plaintiff the sum of $2,496.05. Should Defendant sell said real property after said one year period, or if Defendant should remarry at any time after the entry of this Decree, then Defendant shall pay to Plaintiff the sum of $4,992.09. In either of said events, said payments by Defendant to Plaintiff shall be made either in cash or by an initial payment of $1,000.00 with the balance to be paid by Defendant to Plaintiff at the rate of $50.00 per month; * * *."

On September 12, 1973, Virginia Bosler conveyed the property to Peninsula Open Bible Church, reserving a life estate in herself and a concurrent life estate in Raymond Oliver Young. The deed, a copy of which is appended to the complaint, recites that the consideration for the transfer was "none." On January 30, 1974, Young transferred his interest to the church without consideration. The church conveyed the land to Dorothy Wrona for which the recited consideration was $15,000. Virginia Bosler died. On January 28, 1975, plaintiff instituted this suit to enforce an equit-

[ 699 ]

able lien on the property as against all of the defendants.

Where there is an agreement that property is to be sold and the proceeds are to be used to pay a debt out of the sale money, an equitable lien will attach to the property before sale.[1] However, if there is no such agreement and the promissor agrees only to pay the debt out of the sale of the property if the property is sold, an equitable lien is not created, either in the land or in the proceeds of the sale.[2] It clearly appears from the decree set out in plaintiff's complaint that the transferee was obligated to pay the specified amount to plaintiff only "if" the land was sold, and that there was no obligation to sell the land in order to pay to plaintiff the sums specified in the decree. Without more, it would be clear that no lien arose, in which case the trial court was warranted in granting defendants' motion for a summary judgment. However, plaintiff contends on appeal that there remained an unresolved factual question as to whether the decree operates to impose a lien on the land in spite of the fact that Virginia Bosler was given the option to retain or sell the land. As an indication that a lien was created, plaintiff points to the clause in the decree which recites that Virginia Bosler's ownership of the property is "* * * subject, however, to Plaintiff's [Warren W. Bosler] rights in said real property as hereinafter set forth * * *." Assuming, without deciding, that plaintiff might possibly produce evidence that the purpose was to vest in plaintiff an interest in the land, plaintiff did not oppose the motion for summary judgment in the trial court on the ground now advanced, nor did he assert that there was any other issue of *fact* which could be resolved by the presentation of affidavits or other evidentiary matter; his sole contention was that the decree, *as a matter of construction,* should be read as creating in plaintiff an interest in the land. A

---

[1] Osborne, Mortgages 91 (2d ed 1970).

[2] *Ibid.* and *Cf. Western States Finance Co. v. Ruff,* 108 Or 442, 215 P 501, 216 P 1020 (1923).

summary judgment is proper when there is no issue of material fact. The fact that the decree is ambiguous and lends itself to two antithetical constructions does not make inappropriate the disposition of the case by summary judgment, because interpretation of the decree is a matter of law.[3]

Affirmed.

---

[3] *United States v. Manufacturers Casualty Ins. Co.,* 158 F Supp 319 (SD NY 1957). This case interprets Federal Rule of Civil Procedural 56 from which Oregon's statute for summary judgment was taken and is therefore persuasive. Although the case deals with interpretation of a contract, we see no meaningful distinction between that situation and the present case in which a decree is to be interpreted. In both situations the interpretation of the language is a matter of law for the court.