Argued and submitted February 11, affirmed May 11, 1981

# RICH,
## *Respondent,*

*v.*

# RUNYON et al,
## *Appellants.*

## (A7702 01752, CA 17357)

627 P2d 1265

Marvin S. Nepom, Portland, argued the cause and filed the brief for appellants.

Richard G. Helzer, Portland, argued the cause and filed the brief for respondent.

Before Richardson, P. J., Thornton and Van Hoomissen, Judges.

THORNTON, J.

## THORNTON, J.

Defendants appeal from a judgment entered on a verdict for plaintiff awarding him damages for the alleged conversion by defendants of two bulk commodity trailers belonging to plaintiff. Defendants raise three assignments of error. The first two assignments (failure to direct a verdict and failure to instruct the jury) are on the ground that plaintiff had no right to immediate possession of the trailers because he never tendered a reasonable amount for towing and storage. The third assignment charges that the trial court failed to instruct the jury that, if it found that plaintiff abandoned the trailers, such abandonment would constitute a complete defense to conversion.

The essential facts are not significantly disputed:

In June, 1975, plaintiff purchased the two trailers with plans to resell them. He took them to a paint shop for refurbishing and stored them on the lot of a third party across the street for two to three weeks. The third party objected to this and, without notifying either plaintiff or the painter, engaged defendants to tow the trailers to defendants' lot. Several days later, plaintiff noticed the trailers were missing, investigated and learned of their whereabouts. He then contacted defendants and informally arranged for the trailers to remain on defendants' lot. The parties agreed that the initial towing and storage were proper. Plaintiff drove past and checked the condition of the trailers every week or two.

Plaintiff had difficulty selling the trailers during that period. In early November, 1975, defendants sent plaintiff a "Notice of Sale of Personal Property Under Possessory Lien," pursuant to which defendants threatened to sell the trailers unless plaintiff paid $1007 in towing and storage charges. These charges had not been discussed by the parties other than in a telephone conversation in which defendant-husband mentioned that the towing charge would be between $60 and $70. No bills were ever sent to plaintiff. Plaintiff considered the charge exorbitant and refused to pay. At no time did plaintiff tender any amount of money to defendants in payment for storage charges. On the morning of the sale, plaintiff tried to remove the trailers but backed down when confronted by defendant-husband. Defendants proceeded with the sale, despite a

telephone call from plaintiff's attorney who opined that it was illegal, and sold the trailers for $850 to a person in the business of selling such equipment.

Plaintiff brought this action for conversion, and defendants interposed an affirmative defense that the sale was in satisfaction of their lien rights. At the first trial, the court directed a verdict for plaintiff on the ground that defendants had failed to follow the statutory foreclosure procedure. We reversed and ordered a new trial. *Rich v. Runyon,* 40 Or App 377, 595 P2d 504 (1979). In the second trial, the jury returned a verdict for $4500, the full value of the trailers.

■ ■ Defendants maintained that they were proceeding under former ORS 87.080,[1] which provided for a possessory lien for "makers and repairers of articles of personal property." Plaintiff contended that the only available lien was that provided by former ORS 87.500[2] for persons who "transport or store personal property." It is clear that the foreclosure provisions of this latter lien statute, which requires, for instance, filing of a lien at the county records office and foreclosure by court proceedings, were not complied with. Former ORS 87.505; 87.515. The trial court, however, instructed the jury that "the statutory procedures were inapplicable." He went on to instruct:

"Now, it has been stipulated that the defendants' original possession of the property was proper. A person having such possession may retain such property until just and reasonable charges for towing and storage are paid

---

[1] Former ORS 87.080(1) provided:

"Any person who makes, alters, repairs or bestows labor on any article of personal property at the request of the owner or lawful possessor thereof, shall have a lien on the article for his just and reasonable charges for the labor he has performed and material he has furnished, and he may retain possession of the article until such charges are paid."

[2] Former ORS 87.500 provided:

"Any person who is a common carrier, or who, at the request of the owner or lawful possessor of any personal property, transports the same from one place to another, and any person who stores any grain, merchandise or personal property at the request of the owner or lawful possessor thereof, shall have a lien upon such property for his just and reasonable charges for such transportation or storage, and he may retain possession of the property until such charges are paid. * * *."

and may after a reasonable period of time sell such property in a commercially reasonable manner to recover such charges."

Plaintiff, but not defendants, excepted to this instruction. Defendants excepted to the failure to give their instruction based on former ORS 87.080. They do not, however, assign the failure to give this instruction as error.[3] Therefore, there is no lien question before us.

In support of their contention that plaintiff may not recover in conversion without showing that he tendered a reasonable sum in satisfaction of their charges for towing and storage, defendants rely on *Artman v. Ray,* 263 Or 529, 501 P2d 63, 502 P2d 1376 (1972). In that case, defendant sheriff had ordered plaintiff's apparently abandoned vehicle towed. Defendant subsequently notified plaintiff that the vehicle would be sold, but, at the time of the trial of plaintiff's conversion action, the vehicle remained in the possession of the towing company, which asserted a concededly valid lien against the vehicle for the towing costs. ORS 483.386.[4] The court held that the case was improperly submitted to the jury because plaintiff had no right to immediate possession of the vehicle by virtue of the lien and could not sue the sheriff for conversion without tendering to the lienor an amount equal to a reasonable charge, even where plaintiff maintained that the actual charges were excessive. 263 Or at 532-33.

---

[3] Neither plaintiff nor defendant raises the propriety of the non-statutory lien instruction on appeal. There is no common law lien right for recovery of costs for storage of vehicles. *Williams v. International Co.,* 172 Or 270, 290, 141 P2d 837 (1943), *overruled on other grounds, Rogue Val. Mem. Hosp. v. Salem. Ins.,* 265 Or 603, 615, 510 P2d 845 (1973). Nor can the "right" be characterized as an equitable lien, for the reason that there was no agreement between the parties that the trailers were to be sold and the proceeds applied to defendants' charges. *Bosler v. Short,* 277 Or 697, 700, 561 P2d 1025 (1977).

[4] ORS 483.386 provides:

"The legal owner, owner or persons entitled to possession of a vehicle taken into custody and held by the Department of State Police or sheriff under ORS 483.382, may reclaim the vehicle at any time after it is taken into custody and before the same is sold under ORS 483.388, upon presentation to the sheriff of the county in which the vehicle is being held of satisfactory proof of ownership or right to possession and upon payment of the costs and expenses incurred in the removal, preservation and custody of the vehicle; provided, however, that the legal owner, owner or person entitled to possession of the vehicle shall not be liable for nor required to pay storage charges for a period in excess of 30 days."

Plaintiff contends that *Artman* is inapposite because the property in this case had been sold before the commencement of the action. We agree. In *Austin v. Vanderbilt,* 48 Or 206, 85 P 519 (1906), plaintiff pledged jewelry to defendant as security for a loan. Before any sum was paid on the loan, defendant sold the jewelry, deducted the amount owing from the proceeds and tendered the excess to plaintiff. Plaintiff sued for conversion, alleging that the sale was in violation of the loan agreement and that the jewelry was worth far more than the amount obtained from the sale. The jury found for plaintiff. Defendant appealed, assigning error to the failure to grant his motion for nonsuit, which was predicated on the ground that plaintiff had failed to tender the amount owing before filing the action. The court held that, since the jewelry had already been sold, it would be fruitless to require a tender of the loan balance as a pre-requisite to suing for conversion because defendant was no longer able to fulfill his part of the agreement *(i.e.,* return the property). 48 Or at 210-11.

■■ For the same reason, we conclude that the trial court correctly declined to instruct the jury that plaintiff was required to tender a reasonable sum to defendants for towing and storage before suing for conversion of the trailers. Where the liened property has been sold and the lien is shown to be invalid or improperly foreclosed (either of which will preclude the lienor from relying on the lien as a defense to conversion, *see Tulloch v. Cockrum,* 115 Or 601, 607, 236 P 1045 (1925)[5]), there is no way to return the property, and it would be pointless to require a tender under these circumstances.

■■ Turning to the final assignment of error, that the court erred in failing to instruct the jury on the consequences of plaintiff's alleged abandonment of the trailers, we conclude the court was correct because there was no evidence to support a finding of abandonment in this case. Abandonment involves " '*** the voluntary relinquishment of the possession of a thing by the owner with the intention of terminating his ownership, but without vesting it in any

---

[5] Under the court's instructions the jury must have found either that the notice or the sale was unreasonable. This means that the foreclosure was improper and any lien defendants had failed.

other person.' [citation omitted]". *Dober v. Ukase Investment Co.,* 139 Or 626, 629, 10 P2d 356 (1932). The intent to abandon must be clear and must be accompanied by some specific act of abandonment. *Id.; see also, Hull v. Clemens et al,* 200 Or 533, 547, 267 P2d 225 (1954).

Plaintiff immediately contacted defendants upon discovering that the trailers had been moved from the lot across from the paint shop and made an informal arrangement for storage. Plaintiff testified he checked the trailers every week or two. There was some communication between the parties although not extensive (a fact which is partially explained by the fact that plaintiff was acquainted with the defendant-husband prior to the incidents in question). Plaintiff's reason for leaving the trailers on defendants' lot for so long is that he had difficulty selling them. Defendants offered no evidence of abandonment except the period of nonuse, but that evidence would not have been sufficient to make a jury question.

Affirmed.