LILLY ANDERSON, Plaintiff-Appellant, *v.* OCEANIC PROPERTIES, INC., Defendant-Appellee

NO. 7824

(CIVIL NO. 56629)

SEPTEMBER 13, 1982

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY HEEN, J.

Plaintiff-appellant Lilly Anderson (Anderson) appeals from an order granting summary judgment to defendant-appellee Oceanic Properties, Inc., (Oceanic) in an action brought for specific performance of an agreement to sell a condominium apartment.

Anderson's appeal is based on the following grounds: 1) the trial court erred when it ruled that the original purchaser had abandoned the contract before attempting to assign it to Anderson; 2) the trial court erred when it ruled that a purported oral agreement between Anderson and Oceanic's sales agent failed to comply with the Statute Of Frauds; and 3) the trial court erred in refusing to estop Oceanic from raising the defenses of abandonment of contract and the Statute Of Frauds.

We find there is no genuine issue of material fact regarding the issue of abandonment and affirm the judgment. Anderson's arguments regarding the Statute Of Frauds and estoppel are without merit.

On October 3, 1978, Anderson, on behalf of her client, Marilynn Hinton (Hinton), submitted an offer to Oceanic to purchase a condominium unit on the standard real estate contract form De-

posit, Receipt, Offer and Acceptance (DROA).[1] Anderson was a real estate sales agent and the owner of her own real estate company. The DROA was accompanied by Anderson's company's check for $1,000.00 as earnest money. Hinton had previously given her check to Anderson for the same amount payable to Anderson's company. This was deposited in the company's account to cover the deposit. The DROA required Hinton to make an additional $3,000.00 deposit within ten days of the opening of escrow. Also, it included a special condition that Hinton would obtain financing within fourteen working days of Oceanic's acceptance. The scheduled closing date of the contract was November 16, 1978.

On the same day of the offer, Sue Ann Worcester (Worcester), a real estate agent employed by A. Joel Criz & Associates, Oceanic's broker, notified Anderson that Oceanic had accepted the offer. Escrow was opened at Title Guaranty Escrow Services, Inc. (Escrow), on or about October 24, 1978.

Hinton's accountant advised her that she would not be able to qualify for financing. Acting on that advice, Hinton, on or before October 24, 1978, stopped payment on her $1,000.00 check. Thereafter, she failed to make the additional $3,000.00 deposit required under the DROA and did not obtain financing within the specified period.

On or about November 7 or 8, 1978, Anderson learned that Hinton had stopped payment on the check and could not obtain financing. Anderson so informed Worcester on or about November 9, 1978, and told Worcester that she was interested in purchasing the unit for herself. Worcester purportedly told Anderson that other purchasers for the unit were available and that by the time Anderson tendered a new offer, someone else would probably have purchased the unit. According to Anderson, Worcester suggested that Anderson "just have it [the contract] signed over from her [Hinton] to you." Also, according to Anderson, Worcester told her how to word the new document, to have Hinton sign it, and to inform Escrow of the arrangement. Shortly thereafter, Anderson talked to an employee of Escrow who confirmed that such arrangement was possi-

---

[1] Plaintiff also submitted her own offer to purchase a unit. That offer is the subject of a separate suit.

ble. She informed Escrow that a telegram and letter would follow. On or about November 11, 1978, Anderson gave an "assignment" letter to Hinton for her signature. Although Hinton apparently signed the letter, it was never received by Escrow.[2] On November 27, 1978, Escrow received a telegram stating: "Be advised title on Esplanade 18C shall be vested in Lilly Anderson. Marilynn Hinton."

In the same conversation between Anderson and Worcester on November 9, 1978, Worcester informed Anderson that notwithstanding her attempt to obtain Hinton's rights under the contract the fact that closing was set for November 16 was a problem. According to Anderson, she told Worcester that since the contract allowed Oceanic's broker to extend the closing date for thirty days, Worcester could do so. Worcester told Anderson that in actuality Oceanic was not allowing extensions unless the buyer was willing to pay rent. Anderson agreed and Worcester said she would so inform Oceanic. However, Worcester never did so.

By letter dated November 15, 1978, Oceanic notified Anderson that because Hinton had failed to obtain financing within the 14 day period and the closing date was November 16, Oceanic considered the DROA null and void. The letter was mailed on November 16 and received by Anderson on November 17.

After Anderson brought suit for specific performance, Oceanic moved for summary judgment. The court granted the motion after hearing on December 6, 1979. The court ruled that, at the time of the purported assignment, there was no contract in existence because Hinton had abandoned it. Additionally, the court ruled that an alleged new contract between Anderson and Oceanic for the purchase of the unit was unenforceable under the Statute Of Frauds, Hawaii Revised Statutes, Chapter 656 (1976, as amended). Summary judgment in favor of Oceanic was entered on December 27, 1979.

On Monday, January 7, 1980, Anderson served on appellee a copy of a motion for reconsideration, citing Hawaii Rules of Civil

---

[2] This letter was "re-discovered" after Oceanic's Motion For Summary Judgment was granted and was the basis for Anderson's Motion For Reconsideration. The record does not indicate where it was discovered; however, it was not among the documents in Escrow's files.

Procedure (HRCP), Rule 59(e) (1972, as amended).[3] The motion was filed on January 21, 1980, and an order denying said motion was entered on February 7, 1980. Notice of Appeal was filed February 5, 1980.

## I.

At the outset it is necessary to consider Oceanic's lack of jurisdiction argument. Oceanic contends that Anderson's Notice of Appeal was not timely filed, HRCP, Rule 73(a) (1972, as amended).[4] HRCP, Rule 73(a) requires that a Notice of Appeal be filed within thirty (30) days of the judgment appealed from. However, a motion under

---

[3] Rule 59(e), Hawaii Rules of Civil Procedure provides:

(e) Motion to Alter or Amend a Judgment.   A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment.

[4] Rule 73(a), Hawaii Rules of Civil Procedure provides:

(a) How and When Taken.   An appeal permitted by law from a circuit court to the supreme court and the intermediate court of appeals shall be taken by filing a notice of appeal with the circuit court within 30 days from the entry of the judgment appealed from, except that: (1) upon a showing of excusable neglect the circuit court in any action may extend the time for filing the notice of appeal not exceeding 30 days from the expiration of the original time herein prescribed; (2) if a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 14 days of the date on which the first notice of appeal was filed, or within the time otherwise herein prescribed, whichever period last expires. The running of the time for appeal is terminated as to all parties by a timely motion made by any party pursuant to any of the rules hereinafter enumerated, and the full time for appeal fixed in this subdivision commences to run and is to be computed from the entry of any of the following orders made upon a timely motion under such rules: granting or denying a motion for judgment under Rule 50(b); or granting or denying a motion under Rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; or granting or denying a motion under Rule 59 to alter or amend the judgment; or denying a motion for a new trial under Rule 59. If the order or judgment appealed from is appealable only upon the allowance of the appeal by the court entering it, any application for such allowance must be made within 10 days after entry thereof and the appeal taken within 10 days after the allowance is granted.

Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the supreme court or the intermediate court of appeals deems appropriate, which may include dismissal of the appeal. If an appeal has not been docketed, the parties, with the approval of the circuit court, may dismiss the appeal by stipulation, filed in that court, or that court may dismiss the appeal upon motion and notice by the appellant.

Rule 59(e) terminates that period and a new, full period for appeal begins to run from an order granting or denying such motion.

Oceanic argues, first, that service of the motion for reconsideration cannot be held effective, because when it was first served, an affidavit attached thereto was not signed or acknowledged. Second, Oceanic asserts that, even if that is considered effective service, the motion was not filed with the court within a reasonable time after service as required by Rule 5(d), HRCP (1972, as amended).[5] Since the service was defective or the filing untimely, Oceanic argues, the motion did not terminate the running of time for filing the Notice of Appeal under HRCP, Rule 73(a), and the notice was not timely filed.

Before we address Oceanic's assertions, we note that, the HRCP do not specifically permit a motion for reconsideration of a court's decision, *Cuerva & Associates v. Wong*, 1 Haw. App. 194, 199 n.2, 616 P.2d 1017 (1980).[6] Such motions have been treated by some courts as motions to alter or amend judgments pursuant to Rule 59(e), *Williams v. Bolger*, 633 F.2d 410 (5th Cir. 1980); *Smith v. Hudson*, 600 F.2d 60 (6th Cir.), *cert. dismissed*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979); *Wild v. St. Paul Companies, Inc.*, 612 F.2d 341 (8th Cir. 1979); because it is the substance of the pleadings that control, not its nomenclature. *Madden v. Madden*, 43 Haw. 148 (1959).

Oceanic's first argument is without merit. Under HRCP, Rule 7(b)(1) (1972, as amended),[7] a motion is sufficient, with or without a valid affidavit, as long as "the motion is stated in a written notice of the hearing of the motion", the grounds for the motion are stated "with particularity", and the relief or order sought is set forth. The affidavit requirement of HRCP, Rule 59(c) (1972, as amended)

---

[5] Rule 5(d), Hawaii Rules of Civil Procedure provides:

(d) Filing. All papers after the complaint required to be served upon a party shall be filed with the court either before service or within a reasonable time thereafter.

[6] *Cf.* Hawaii Rules of Family Court Procedure, Rule 59(b)(1).

[7] Rule 7(b)(1), Hawaii Rules of Civil Procedure, provides:

(b) Motions and Other Papers. (1) An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion.

refers to motions for new trial under HRCP, Rule 59(a) (1972, as amended).[8] 6A MOORE'S FEDERAL PRACTICE AND PROCEDURE, ¶ 59.12[3] at 59-253 and 59-254 (2d ed. 1948). Thus, the completeness or even complete lack of an affidavit does not effect the validity of the service of a motion not brought under Rule 59(a).[9]

Appellee's second argument is also without merit. The courts have liberally construed the words "reasonable time" in order to minimize the incidence of technical objections as to the time of filing. 4 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: *Civil* § 1152, p. 596 (1969). *See also* HRCP, Rule 1 (1980).[10] The record does not show any prejudice resulting from the delay in service. Having received the motion on January 7, 1980, Oceanic had ample time to prepare for the hearing.

The timely service of the motion for reconsideration terminated the thirty-day requirement for filing the notice of appeal. That time began to run on February 7, 1980, HRCP, Rule 73(a) (1972, as

---

[8] Rule 59, Hawaii Rules of Civil Procedure, provides in pertinent parts:
   Rule 59. NEW TRIALS; AMENDMENT OF JUDGMENTS.
   (a) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the State; and (2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the State. On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.

   \*   \*   \*   \*   \*

   (c) Time for Serving Affidavits. When a motion for new trial is based upon affidavits they shall be served with the motion. The opposing party has 10 days after such service within which to serve opposing affidavits, which period may be extended for an additional period not exceeding 20 days either by the court for good cause shown or by the parties by written stipulation. The court may permit reply affidavits.

[9] We note, also, that even HRCP, Rule 56 (1972, as amended) relating to summary judgments does not *require* affidavits to be filed with a motion therefor.

[10] Rule 1, Hawaii Rules of Civil Procedure provides:
   Rule 1. SCOPE OF RULES. These rules govern the procedure in the circuit courts of the State in all suits of a civil nature whether cognizable as cases at law or in equity, with the exceptions stated in Rule 81. They shall be construed to secure the just, speedy, and inexpensive determination of every action.

amended), and the notice was timely filed. Therefore, this court has jurisdiction.

## II.

In challenging the trial court's ruling that Hinton had abandoned the contract, Anderson advances the following arguments: (A) that the abandonment required the assent of Oceanic, which was never given, (B) that genuine issues of material fact pervaded the abandonment defense, and (C) that Oceanic was estopped from interposing the defenses of abandonment and Statute Of Frauds.

### A.

Anderson argues that the trial court erred in ruling that the contract had been abandoned by Hinton because assent to the abandonment by Oceanic is necessary and none was shown.

Citing *Earl M. Jorgensen Co. v. Mark Construction, Inc.,* 56 Haw. 466, 540 P.2d 978 (1975), and other cases, Oceanic objects to our considering this argument since Anderson never presented this legal theory below. We find that Anderson's proposition is not separate from but is a part of the issue of abandonment and sufficiently so to allow us to consider it on appeal. Rule 3(b)(3), Rules of the Hawaii Supreme Court (1980, as amended).[11] *See Lang v. Todd,* 148 Neb. 726, 28 N.W.2d 434 (1947). Examination of the hearing transcript reveals the court's concern with whether or not Oceanic even knew about Hinton's acts at the time of the alleged assignment. The matter was sufficiently within the scope of attention of the trial court and is adequately briefed here.

Anderson refers us to *Lang v. Todd, supra,* which provides some support for the proposition that abandonment cannot become operative unless and until the vendor elects to treat the contract as having been abandoned. *Id.* at 732-34, 28 N.W.2d at 438-39.

However, we feel the better rule to be that expressly embraced in

---

[11] . . . The statement of a question presented will be deemed to include every subsidiary question fairly comprised therein. . . .
Rule 3(b)(3), Rules of the Hawaii Supreme Court.

several jurisdictions that abandonment is an entirely unilateral action. Acceptance by the vendor is immaterial and does not affect the effectiveness of the abandonment. *Jakober v. E. M. Loew's Capitol Theatre, Inc.,* 107 R.I. 104, 110-11, 265 A.2d 429, 433 (1970); *Mason v. Hasso,* 90 Ariz. 126, 130, 367 P.2d 1, 4 (1961); *Hull v. Clemens,* 200 Or. 533, 548, 267 P.2d 225, 233 (1954).

Abandonment is evidenced as long as there is a voluntary relinquishment of a right or of property with the intention of not reclaiming it or reassuming its ownership or enjoyment. *Rich v. Runyon,* 52 Or. App. 107, 627 P.2d 1265, 1268-69 (1981); *Katsaris v. United States,* 499 F. Supp. 282, 283 (N.D. Fla. 1980). Intent to abandon and an external act effecting the intent must be shown. *Rich,* 627 P.2d at 1269; *Katsaris,* 499 F. Supp. at 283. Abandonment need not be expressed; it may be inferred from the conduct of the parties and the attendant circumstances. *Kolberg v. McKean's Model Laundry & Dry Clean Co.,* 9 Ariz. App. 549, 550, 454 P.2d 867, 868 (1969).

B.

A motion for summary judgment is properly granted under HRCP, Rule 56(c) (1972, as amended)[12] if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Lau v. Bautista,* 61 Haw. 144, 146-47, 598 P.2d 161, 163 (1979). In deciding the motion, both the trial court and the reviewing court must view the evidence in the light most favorable to the non-moving party. *Id.* at 147, 598 P.2d at 163, *Windward Partners v. Lopes,* 3 Haw. App. 30, 640 P.2d 872 (1982). *See Kawaihae v. Hawaiian Insurance Companies,* 1 Haw. App. 355, 619 P.2d 1086 (1980). We find there is no genuine issue of material fact regarding the question of abandonment.

---

[12] Rule 56(c), Hawaii Rules of Civil Procedure provides:

(c) Motion and Proceedings Thereon. ... The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

The record clearly shows Hinton's intent to abandon the contract and the actions she took to effect it. Therefore, Hinton had no contract to assign to Anderson.

At the time Anderson spoke with Worcester on November 9, Hinton had clearly evinced an intent not to go through with any part of her bargain. She had stopped payment on her check, failed to deposit the additional $3,000.00 within ten days of opening escrow, and had not made efforts to obtain financing.[13] Anderson's and Hinton's attempt to revive the contract was for naught.

When a contracting party discovers the other party has abandoned a contract, he has as a remedy the right to conclude that the latter party intends not to perform his part of the bargain and treat the contract as a nullity. 17 AM.JUR.2d *Contracts*, § 484, p. 954 (1964). Although that determination, as in this case, may come some time after the act of abandonment, the abandonment is complete at the time of the breach, *Jakober, supra,* 107 R.I. at 110-11, 265 A.2d at 433.

C.

Anderson's estoppel arguments are without merit.

First: Even assuming Worcester had authority to contract on Oceanic's behalf, she and Anderson never intended to create a new contract. Their entire discussion concerned a means of assigning and extending Hinton's contract. In fact, Worcester specifically discouraged Anderson from making a new offer. At oral argument Anderson's counsel stated she was seeking to enforce the Hinton contract, not any other. Therefore, the Statute Of Frauds is completely inapplicable.

Second: The estoppel question was not raised by Anderson until

---

[13] Anderson argues that the clause of the contract which Oceanic cites in its letter of November 15, 1978, is for the buyer's benefit and Hinton (or Anderson) might still have been able to pay the purchase price at closing. It is true that such provisions are for the buyer's benefit. At the same time, however, they serve as a safeguard to the seller. Failure to indicate within the prescribed period that financing is obtained is an indication that the buyer cannot qualify for the same with a lending institution, or does not intend to go through with the contract.

her motion for reconsideration. The trial court stated that the motion presented nothing that was not considered by the court before entering judgment. The appellate review of a lower court decision on a motion for reconsideration is limited to a determination of whether there was an abuse of discretion. 6A MOORE'S FEDERAL PRACTICE ¶ 59.15[4] at 59-293 and 59-294 (2d ed. 1948). Our review of the record does not indicate any abuse of discretion.

Affirmed.

*Wesley H. Ikeda (Gerhard Frohlich* on the brief) for plaintiff-appellant.

*David J. Reber (Lani L. Ewart* and *Bettina W. J. Lum* with him on the brief; *Goodsill, Anderson & Quinn* of counsel) for defendant-appellee.