666 P.2d 497

**Raul BAZURTO and Yolanda Bazurto, husband and wife, Plaintiffs/Appellants,**

v.

**Terry BURGESS and Sandra Burgess, husband and wife, Defendants/Appellees.**

**No. 2 CA–CIV 4432.**

Court of Appeals of Arizona, Division 2.

Feb. 8, 1983.

Rehearing Denied Apr. 7, 1983.

Review Denied June 10, 1983.

Rowland & Durazzo, P.C. by Patric E. Durazzo, Tucson, for plaintiffs/appellants.

Robert Duber II, Globe, for defendants/appellees.

## OPINION

HOWARD, Chief Judge.

This is an action involving a sale of realty. In November 1977, appellants Bazurto began discussing the purchase of property owned at the time by appellees Burgess. A purchase price of $46,000 was agreed upon and Transamerica Title prepared the necessary papers. In January 1978, the Bazurtos gave Transamerica a $500 earnest money deposit and took the various papers, includ-

ing the deed of trust, home. Appellants also paid appellees $3,500 as a downpayment.

Both appellants signed the contract on February 3, 1978, and several days later they took some of their personal property to the Burgesses for storage. Once there, the Bazurtos learned that a fire had occurred the previous night because of a free-standing wood heater in the family room. Repair had already begun, however, and was completed by March 1, 1978, the date set for closing. Approximate fire damage was $500.

Due to the fire, Bazurto told Burgess in March that he did not want to buy the house and appellee responded by telling Bazurto to do what he felt he needed to do. Bazurto then left the area to look for work, leaving his property stored at the Burgess home. During that time, and pursuant to the agreement, Burgess vacated the premises.

When Bazurto came back into town, he told Burgess that he wanted his money returned. He also crossed out both his wife's signature and his signature on the purchase contract and returned the documents to Transamerica Title. Transamerica returned appellants' $500 earnest money deposit and appellees returned, over a period of time, $1,500 of the downpayment to appellants. Appellees later, however, refused to return $2,000, the rest of the downpayment, because of expenses they had incurred and appellants sued to recover what they deemed to be the outstanding balance.

The trial court found that appellants had breached their contract and that appellees were consequently entitled to keep the $2,000. The Bazurtos on appeal contend that appellees had no right to recover under the contract because it had been mutually rescinded. We agree.

■ Arizona courts adhere to the rule that a contract may be mutually rescinded. Such rescission is of course a question of intent to be ascertained from the facts and circumstances of the transaction from which rescission is claimed. *Wippman v.*

*Rowe,* 24 Ariz.App. 522, 540 P.2d 141 (App. 1975); *Thermo-Kinetic Corporation v. Allen,* 16 Ariz.App. 341, 493 P.2d 508 (1972); *Kolberg v. McKean's Model Laundry & Dry Clean. Co.,* 9 Ariz.App. 549, 454 P.2d 867 (1969). Rescission in Arizona may be express, but it can also be inferred from the parties' conduct. *Kalil Bottling Co. v. Burroughs Corp.,* 127 Ariz. 278, 619 P.2d 1055 (App.1980); *Kolberg v. McKean's Model Laundry & Dry Clean. Co.,* supra. In fact, where the actions of a party to the contract are inconsistent with the contract and acquiesced in by the other party, the contract will be deemed rescinded. *King Realty, Inc. v. Grantwood Cemeteries, Inc.,* 4 Ariz. App. 76, 417 P.2d 710 (1966).

■ For mutual rescission to be given effect, all parties to the contract must assent to its rescission. That is, to accomplish rescission by agreement there must be an offer and acceptance and a mutual meeting of the minds. Such occurred here when appellants asked for the return of their money and appellees started paying them back. Appellees' contention that they only returned the money because they thought they had to is irrelevant since it is their manifestation of assent which counts and not their reasons or motives. *Wippman v. Rowe,* supra. Their unilateral mistake as to the law is no defense.

Appellees contend that even if there were a rescission, the trial court was correct in awarding them $2,000 in order to restore them to their original position. See *Jennings v. Lee,* 105 Ariz. 167, 461 P.2d 161 (1969). We disagree.

■ A rescission may be effected by applying to the courts for a decree of rescission, by one party declaring a rescission based upon a legally sufficient ground without the consent of the other party, or as in the instant case, by mutual agreement of the parties. 17A C.J.S. Contracts § 385(2) (1963). See *Amos Flight Operations, Inc. v. Thunderbird Bank,* 112 Ariz. 263, 540 P.2d 1244 (1975); *Mortensen v. Berzell Investment Co.,* 102 Ariz. 348, 429 P.2d 945 (1967); *Wippman v. Rowe,* supra. Where a contract is rescinded by mutual consent, the

agreement of rescission controls, and, unless the parties expressly reserve a claim for damages, there is an implied waiver of any such claims. *Letres v. Washington Co-Operative Chick Ass'n,* 8 Wash.2d 64, 111 P.2d 594 (1941). See *Waddell v. White,* 51 Ariz. 526, 78 P.2d 490 (App.1938). Since the payment of the alleged damages was not part of the rescission agreement appellees have no legitimate claim thereto.

■ Appellees also argue that appellants were at fault in failing to amend the pleadings to conform to the evidence adduced at trial, and that therefore the judgment of the trial court in favor of appellees should have been due to appellants' failure to bear their burden of proof. Consequently, appellees argue that this court should affirm the judgment of the trial court. We disagree. Appellants complained of an unpaid loan to which appellees answered by denying the loan and counterclaiming for breach of contract. The Bazurtos replied, claiming that the parties had rescinded the contract. The complaint, the answer and the reply to the counterclaim filed in this case constituted the pleadings. Rule 7(a), Arizona Rules of Civil Procedure, 16 A.R.S. Since the evidence presented at trial did not exceed the issues raised in the pleadings, it was unnecessary for appellants to request leave to amend.

The case is reversed with directions to enter judgment in favor of appellants in the sum of $2,000 plus costs and interest, and attorney's fees if the trial court, in its discretion, allows them.

HATHAWAY and BIRDSALL, JJ., concur.