No. 564 June 17, 2026 753

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Desiree ROBLEDO,
*Plaintiff-Appellant,*

*v.*

David EGGERS,
*Defendant-Respondent.*

Marion County Circuit Court
24CV55454; A186598

Jodie A. Bureta, Judge.

Submitted December 16, 2025.

Geordie Duckler filed the brief for appellant.

No appearance for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

POWERS, J.

Affirmed.

**POWERS, J**

In this declaratory judgment action, plaintiff appeals from the trial court's judgment declaring that she no longer has any ownership rights to Cinnamon Roll, a cat. Plaintiff, who owned Cinnamon Roll, moved to a residence where the cat was not allowed. Defendant, plaintiff's prior roommate, began to take care of Cinnamon Roll. Eventually, plaintiff convinced her current landlord to allow her to have the cat. Plaintiff tried to take the cat back, but defendant refused. Plaintiff sued defendant for declaratory and injunctive relief, requesting a judicial declaration that she is Cinnamon Roll's owner. Defendant argued that plaintiff neglected and abandoned Cinnamon Roll. Ultimately, after a hearing, the trial court concluded that plaintiff intended to surrender ownership of Cinnamon Roll and declared that defendant is Cinnamon Roll's rightful owner as of that date.[1]

On appeal, plaintiff assigns error to that ruling, advancing three arguments. Specifically, plaintiff asserts that the trial court erred by (1) confusing distinct legal doctrines of gift and abandonment; (2) deciding that plaintiff had abandoned Cinnamon Roll to a specific person; and (3) determining that the evidence was sufficient to conclude that plaintiff had abandoned or gifted Cinnamon Roll. We conclude that the first two assignments are unpreserved, and we decline to engage in plain-error review. With respect to the third argument, we conclude, after reviewing the record, that there was sufficient evidence for the trial court to make the determination that plaintiff abandoned Cinnamon Roll. Accordingly, we affirm.

Because the parties are familiar with the underlying factual and procedural history, we do not provide a detailed recitation of those facts for this nonprecedential memorandum opinion. We begin with plaintiff's first two challenges, both of which argue that the trial court misapplied the applicable legal test, asserting that it confused the distinct legal doctrines of gift and abandonment and erred

---

[1] Although the trial court declared defendant to be Cinnamon Roll's rightful owner, defendant did not request that declaration or assert that counterclaim in his trial court briefing; however, we do not address that issue because it has not been raised on appeal.

by deciding that plaintiff had abandoned Cinnamon Roll to a specific person.

On appeal, plaintiff maintains that she preserved her argument by challenging the trial court's factual and legal conclusions. Plaintiff points to her question, "[w]ith what evidence, though[?]," which she asked during the trial court's oral decision, as her challenge of those conclusions.[2] Plaintiff argues that, even if not preserved, we should review for plain error. Defendant did not file a respondent's brief and thereby waived appearance on appeal under ORAP 5.60, which provides that, "[i]f the respondent files no brief, the cause will be submitted on the appellant's opening brief and appellant's oral argument, and the respondent shall not be allowed to argue the case."

As a general matter, an issue ordinarily must first be presented to the trial court to be considered on appeal. *See, e.g.*, *Peeples v. Lampert*, 345 Or 209, 219, 191 P3d 637 (2008) (describing the preservation rule and observing that it "gives a trial court the chance to consider and rule on a contention, thereby possibly avoiding an error altogether or correcting one already made, which in turn may obviate the need for an appeal"). To properly preserve a claim of error, a party must provide notice to the trial court with an explanation of the objection "that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted." *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000). Without notice, the opposing party does not have the opportunity to present its position on the potentially objectional issue and the record does not develop as it might have otherwise. *See State v. Powell*, 322 Or App 37, 42, 518 P3d 949 (2022) (so explaining). Moreover, a party's failure to

---

[2] Plaintiff's question to the trial court, in context, was as follows:

"THE COURT: *** I don't believe that the cat food was entirely filled. Defendant had to go get litter—

"[Plaintiff]:  With what evidence, though—

"THE COURT:  What's that?

"[Plaintiff]:  With what evidence, though? I mean—

"THE COURT:  It comes down to pure credibility. I just—I heard different things from both of you. I believed him. I believed him that there was no litter that you provided when you dropped him off. ***"

provide notice of its objection is "procedurally unfair because the court did not have the benefit of hearing from both sides so that it might correct any error, thereby obviating the need for an appeal on that issue." *Id.*

We have discretion, however, to correct "plain" error despite lack of preservation. ORAP 5.41(1). To review for plain error, several requirements must be met: The error must (1) be an error of law; (2) be apparent, meaning that the legal point is obvious and not reasonably in dispute; and (3) appear on the record such that the reviewing court must not go outside the record to identify the error or choose between competing inferences because the facts constituting the error are irrefutable. *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991) (describing the requirements for plain-error review). Even where those conditions are satisfied, we must then determine whether to exercise our discretion to reach the error and correct it. *Id.* at 382.

After reviewing the record, we conclude that the error is not preserved for appellate review because there was no meaningful discussion of the legal concept of "gift" during the hearing. The trial court began the hearing by clarifying with defendant that his position was that the cat was abandoned, defendant argued abandonment, and the trial court made its ruling on abandonment. We have further reviewed plaintiff's question regarding the evidence and conclude that, in context, the question was aimed at how the court should determine whether or not the cat feeder was full. Nothing in that exchange would have provided notice to the trial court of the issue that plaintiff now raises on appeal—*viz.*, that the trial court misapplied the applicable legal test—which would have allowed the court to consider and correct any error immediately, if correction was warranted. Thus, we conclude that those arguments are not preserved for appeal.

We also conclude that plaintiff's claims do not qualify as plain error, or even if they do, that we would not exercise our discretion to reach the claim. First, the legal point is not obvious—that is, it is not obvious that the trial court confused the distinct legal concepts of abandonment and gift. Rather, because the record is susceptible to more than one competing inference, plaintiff's assertion does not qualify

for plain-error review. *See Ailes*, 312 Or at 381-82 (explaining that "the reviewing court must not need to go outside the record to identify the error or choose between competing inferences, and the facts constituting the error must be irrefutable"). Second, even if the requirements for plain-error review were met, we would not exercise our discretion because a timely objection could have alerted the trial court to the issue so that it could have addressed it in the first instance. *See State v. Hutchings*, 375 Or 132, 149, 588 P3d 241 (2026) (reiterating that "the decision to reverse based on a plain error must be made with the utmost caution because such review undercuts the policies served by the preservation doctrine" (internal quotation marks omitted)).

We turn to plaintiff's final challenge, which asserts that the trial court erred by determining that plaintiff abandoned or gifted Cinnamon Roll. Because the evidence at the hearing and the trial court's ruling focused solely on abandonment, we address only that argument in this opinion.

Abandonment involves "the voluntary relinquishment of the possession of a thing by the owner with the intention of terminating his ownership, but without vesting it in any other person." *Rich v. Runyon*, 52 Or App 107, 112-13, 627 P2d 1265 (1981) (internal quotation marks omitted). The intent to abandon must be clear and must be accompanied by some specific act of abandonment. *Id.* at 113.

Absent *de novo* review, which plaintiff does not request and which is not appropriate in this case, we review the trial court's findings of fact for any evidence to support them and its legal conclusions for errors of law. *Allco Enterprises v. Goldstein Family Living Trust*, 183 Or App 328, 330, 51 P3d 1275 (2002). Given plaintiff's challenge to the sufficiency of the evidence, "we view the evidence and all reasonable inferences that may be drawn from it in the light most favorable to the trial court's disposition and assess whether, when so viewed, the record is legally sufficient to permit that outcome." *H. L. P. v. Jones*, 309 Or App 108, 109, 481 P3d 415 (2021) (internal quotation marks omitted). In so doing, we defer to the trial court's implicit and explicit credibility determinations. *M. C. H. v. Milligan*, 208 Or App 229, 231, 145 P3d 180 (2006).

With that standard of review in mind, we conclude that there is evidence in the record to support the trial court's findings that plaintiff moved to a new place knowing that she could not take Cinnamon Roll and that she would have to give up the cat. The trial court found—and there is evidence in the record to support—that plaintiff sent a text message about finding Cinnamon Roll a new home, which signaled her intent not to be the owner. When plaintiff left Cinnamon Roll at her old apartment, plaintiff had not established how long it would be for or if she would return, and she did not visit Cinnamon Roll at any time. The trial court further found that plaintiff never reached out to check on Cinnamon Roll and that she did not provide a full feeder or litter box when she left Cinnamon Roll at her prior apartment. Based on all of the evidence in the record, the trial court was permitted to conclude, as it did, that plaintiff voluntarily and intentionally relinquished ownership of Cinnamon Roll and that her intent was demonstrated by specific acts.

Affirmed.